**BLUE ISLE OF CALIFORNIA, INC.,** a California corporation, Plaintiff—Appellant,

v.

**The HARTFORD, a corporation,** Defendant—Appellee.

No. 02–55666.

D.C. No. CV–01–02405–CAS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 7, 2003.

Decided May 27, 2003.

Before PREGERSON, TASHIMA, and CLIFTON, Circuit Judges.

MEMORANDUM *

Plaintiff–Appellant Blue Isle of California appeals the district court's grant of summary judgment in favor of Defendant–Appellee Hartford Casualty Insurance Company. Because the parties are familiar with the facts, we recite them only as necessary. We affirm.

The district court, relying on *New Hampshire Ins. Co. v. Vieira*, 930 F.2d 696 (9th Cir.1991), determined that any injury caused by JN's zippers did not constitute "property damage" as that term is defined by the policy. That conclusion may have been called into question by a decision of our court announced after the district court's decision here, *Anthem Electronics, Inc. v. Pacific Employers Ins. Co.*, 302 F.3d 1049 (9th Cir.2002). But we need not reach that issue. This court may affirm summary judgment on any ground sup-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ported by the record. *See Keyser v. Sacramento City Unified Sch. Dist.*, 265 F.3d 741, 750 (9th Cir.2001). We conclude that the claim at issue here was expressly excluded from coverage by other terms of the policy, in particular by the "impaired property" exclusions "m" and "n."

The versions of exclusions "m" and "n" that apply here are the modified versions which appear in the Special Broad Form Commercial General Liability Endorsement. As so modified, exclusion "m"[1] disclaims coverage for loss of use of tangible property resulting from the failure of the insured's product to meet the warranted level of performance. That appears to fit this situation, where Blue Isle claims that it lost the use of the shirts because the JN zippers did not perform properly. The exclusion contains an exception (meaning that there is coverage) in the event of such a loss of use which results from "sudden and accidental physical injury to" the insured's product after it is put to its intended use. That exception was critically important in *Anthem*. Dealing with a similar policy term, we noted there that the exclusion would have barred coverage unless the claim was rescued by the "sudden and accidental physical injury" exception. We concluded that there was coverage in that case, despite the policy exclusion, because "a sudden, unexpected physical injury to

the circuit boards" was a possible explanation for the failures of the scanners which included the circuit boards. 302 F.3d at 1059. That does not appear to be the case here, however. There is no suggestion that the zippers suffered any sudden and accidental physical injury after being incorporated into Blue Isle's shirts. The zippers were simply defective. The application of exclusion "m" is not negated here by the "sudden and accidental physical injury" exception which applied in *Anthem*.

Coverage is also precluded because of exclusion "n," which denies coverage in the event of, *inter alia*, withdrawal or recall from the market of a product of which the insured's product forms a part.[2] This exclusion applies to the present facts: K-mart withdrew or recalled the shirts because of the defective zippers. Thus, the policy excludes coverage.

As the assignee of JN's claims against Hartford, Blue Isle argues that Hartford had a duty to defend JN, even in the absence of an ultimate duty to indemnify. The duty to defend is broader than the duty to indemnify. *Montrose Chemical Corp. of Calif. v. Superior Court (Canadian Universal Ins. Co.)*, 6 Cal.4th 287, 295, 24 Cal.Rptr.2d 467, 861 P.2d 1153 (1993). But this duty to defend is not limitless.

---

1. "This insurance does not apply to:

    \* \* \*

    (m) Loss of use of tangible property which has not been physically injured or destroyed, resulting from: (1) A delay in or lack of performance by you or on your behalf of any contract or agreement; or (2) the failure of 'your product' or 'your work' to meet the level of performance, quality, fitness or durability warranted or represented by you or on your behalf. This exclusion does not apply to loss of use of other tangible property resulting from the sudden and accidental physical injury to or physical destruction of: (1) 'Your product;' or (2) 'Your work;' after such product or work has been put to its intended use."

2. "This insurance does not apply to:

    \* \* \*

    (n) Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of: (1) 'Your product;' (2) 'Your work;' (3) Any property of which 'your product' or 'your work' forms a part; if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it."

"The determination whether the insurer owes a duty to defend usually is made in the first instance by comparing the allegations of the complaint with the terms of the policy. Facts extrinsic to the complaint also give rise to a duty to defend when they reveal a possibility that the claim may be covered by the policy." *Id.* (internal quotations and citation omitted). After receiving a copy of the Blue Isle complaint from JN, Hartford concluded that the claim was not covered by the policy. Blue Isle complains that Hartford's investigation was inadequate, but Blue Isle has not identified specific facts which, if uncovered by Hartford, would have created the potential for coverage and thus the duty to defend. *See Am. Int'l Bank v. Fidelity & Deposit Co.,* 49 Cal.App.4th 1558, 1571, 57 Cal.Rptr.2d 567 (1996) ("The evidence showed that [the insurer] reviewed the [third party's] complaint and the insurance policy. The duty of the insurer may be fully met by such a review."); *see also Anthem,* 302 F.3d at 1054–55.

Finally, Blue Isle contends that there were issues of fact requiring a jury determination. We have reviewed the factual issues alleged to be in dispute and conclude that either they were not genuinely disputed or they were not material to the grounds for granting summary judgment.

AFFIRMED.